# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aminadab Orduno,<br><br>        Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>        Respondents. | No. CV-15-00279-TUC-EJM<br><br>**ORDER** |

Pending before the Court is a pro se petition dated June 29, 2015, which was filed by Aminadab Orduno ("petitioner") pursuant to 28 U.S.C. § 2254. (Doc. 1). The petitioner claims that his trial counsel was ineffective in failing to secure a beneficial 20-year plea agreement. For the reasons discussed below, the § 2254 petition is dismissed for lack of jurisdiction because it is an improper successive petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2008, the petitioner filed in this court a petition for a writ of habeas corpus challenging his convictions for first-degree burglary and multiple counts of kidnapping and aggravated assault with a deadly weapon, which resulted in a sentence of 27.5 years of imprisonment. *See* CV-08-526-FRZ. One of the claims alleged was that trial counsel was ineffective in securing the 20-year plea agreement for the charged offenses.

In a Report and Recommendation dated January 14, 2013, the assigned Magistrate Judge reached the merits of this claim and concluded that counsel was not ineffective. (CV-08-526-FRZ Doc. 18). The District Court adopted the Report and Recommendation

in an Order dated September 10, 2013, and dismissed the habeas petition. (CV-08-526-FRZ Doc. 26).

Petitioner raises this same ineffective assistance of counsel claim in his 2015 petition. Although the petitioner acknowledges that the instant petition is a "successive petition," he does not allege that he sought authorization from the United States Court of Appeals for the Ninth Circuit to file a successive federal habeas petition.

**II. DISCUSSION**

A second or successive federal habeas corpus petition may not be filed in the district court unless previously authorized by the appropriate federal court of appeals. *See* 28 U.S.C. 2244(b)(3)(A). If a petitioner does not first obtain the court of appeals' authorization, the district court lacks jurisdiction to consider the second or successive petition. *See United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011); *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007). A federal habeas petition is "successive" if the claim in the petition was or could have been previously adjudicated on the merits in the prior petition and the reasserted claim was not previously dismissed without prejudice to allow for its proper exhaustion in state court. *Cooper v. Calderon*, 274 F.3d 1270, 1272–73 (9th Cir. 2001).

Here, petitioner's claim that counsel was ineffective in securing the 20-year plea agreement was raised and adjudicated on the merits in his first habeas petition in 2008. Specifically, the district court concluded that counsel was not ineffective because the trial court would have rejected the proposed plea deal. (CV-08-526-FRZ Docs. 18 & 26). Thus, the instant petition is a clearly a second/successive petition. Because the petitioner has failed to obtain authorization from the Ninth Circuit to file this second/successive petition, this Court does not have jurisdiction over the petition under 28 U.S.C. § 2244(b)(3)(A).

**III.     CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** dismissing the petition with prejudice as an

unauthorized second or successive petition. (Doc. 1).

**IT IS FURTHER ORDERED** a Certificate of Appealability is DENIED. Dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

Dated this 20th day of October, 2017.

Eric J. Markovich
United States Magistrate Judge